### STATE ex REAMS v DUSHA

Ohio Appeals, 6th Dist, Lucas Co

No 3003.   Decided Jan 28, 1935

Frazier Reams, Prosecuting Attorney, Toledo, for plaintiff.

Denman, Miller & Wall, Toledo, for defendant.

CROW, J, (3rd Dist)
sitting by designation.

**OPINION**

By CROW, J.

Without treating any of the decisions of the Common Pleas Courts, we hold that the decision of the Supreme Court of the United States, January 7, 1935, in the case of Amazon Petroleum Corp. v Ryan et, No. 260, and the reasoning of the opinion of the eminent Chief Justice, are decisive of the case we have here.

The Ohio Act under which the code was established with which defendant has not complied in the particulars we have alluded to, possesses in essence the identical infirmities found by the Supreme Court of the United States in the Federal statute which was the subject of controversy in the case cited.

We could not, were we inclined to so undertake, add to or take from the reasoning of the opinion of the learned Chief Justice, for, as would have been expected from him, the reasoning is perfect.

Therefore, without further words, we find that as to the matters requiring decision in the case at bar, the provisions of the Ohio act under which the code in issue arose, are invalid in that the act in its relation to such matters is an unwarranted delegation of legislative power to an administrative officer, the Governor of the State and to other persons sought to be authorized with him to formulate codes.

The finding and judgment will therefore be for the defendant at the costs of plaintiff.

Since the foregoing was written, there has come to our knowledge the decision of the Court of Appeals of Hamilton County, Ohio, in the case of Riesenberg v Divisional Code Authority, etc., et, which perpetually enjoined defendants from taking steps to determine the reasonable cost of retailing solid fuel in so far as it affected plaintiff, and from attempting to prevent the sale of solid fuel by him below the cost determined by defendants, on the ground that defendant Divisional Code Authority No. 23 Retail Solid Fuel Industry had not been granted authority by the Ohio Act to determine the lowest reasonable cost of retailing solid fuel or to prevent the sale of solid fuel under said cost as determined, the court having found that plaintiff had not signed the code of fair competition of the Retail Solid Fuel Industry.

No opinion was filed in the case, but it is clear that the court decided the Ohio Act ineffectual to authorize the prevention of the sale of coal under the cost fixed by the code. To that extent the decision was in accordance with our holding in the instant case. We understand that case to be now pending in the Supreme Court of Ohio.

In the case at bar a judgment and decree will be rendered for the defendant and the petition dismissed.

Judgment and decree for defendant.

RICHARDS and LLOYD, JJ, concur.